## GEORGE GAME *vs.* ARCHIE WHALEY.

### May 5, 1890.

**Chattel Mortgage — Replevin — Evidence.**—Claim by defendant of the right of possession of personal property by virtue of a mortgage *held* unsustained, for lack of proof of the identity of the property mortgaged and the property in controversy.

Appeal by defendant from a judgment of the district court for Clay county, *Holland, J.*, presiding.

*Taylor & Greene*, for appellant.

*O. Mosness*, for respondent.

*By the Court.* This action was commenced in a justice's court for the recovery of certain personal property. Judgment was recovered by the plaintiff, which upon appeal was affirmed in the district court; and from the judgment of the latter court this appeal was taken.

The plaintiff alleged that he was the owner of the property. The defendant, in his answer, denying the plaintiff's ownership, asserted his right to the possession of the property under a chattel mortgage executed by one James Game to the McCormick Harvesting-Machine Company, the defendant being the agent of that company. The district court decided the case upon its construction that chapter 58 of the Laws of 1887, amending the law as to the period of time during which chattel mortgages should be deemed valid as to subsequent purchasers, was not applicable to mortgages executed prior to that amendment of the law; and to the consideration of that question the brief of the appellant has been devoted. But since, for another reason relied upon by the respondent, the judgment must be affirmed, and as a fact which might be found to be important as affecting the question of the applicability of the law of 1887 to this case is not disclosed by the record, we do not enter upon the consideration of that question. The case shows that the defendant took the property from the possession of the plaintiff. The plaintiff testified, without objection, that he was the owner of it. This constituted a *prima facie*

case in favor of the plaintiff. This is not opposed by any evidence that the property was ever owned by any other person. To overcome the plaintiff's case the defendant relied upon the asserted rights of his principal, as mortgagee, under the mortgage executed by a third person, James Game. But, while the mortgage was offered in evidence, there was no proof that the property mortgaged and the property in question were the same. For this reason, if for no other, the judgment of the justice of the peace, and of the district court affirming it, were right.

Judgment affirmed.